# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM F. KAETZ, | : | NO. 1:23-CV-03482 |
| Plaintiff, | : | |
| | : | (BRANN, C.J.) |
| v. | : | |
| | : | (CAMONI, M.J.) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| *et al.* | : | |
| Defendants. | : | |

# ORDER

In June 2023, Plaintiff William F. Kaetz filed a complaint (amended within a day) alleging that numerous judges violated his federal constitutional rights. Complaint, Doc. 1; Amended Complaint, Doc. 3. Finding that Kaetz had failed to exhaust administrative remedies and that all defendants were immune from suit, the Court *sua sponte* dismissed the amended complaint with prejudice. Order, Doc. 23, adopting R&R, Doc. 16. Kaetz appealed, and the Court of Appeals affirmed. Doc. 26.

Kaetz now asks this Court to vacate that judgment for "fraud on the court" pursuant to Federal Rule of Civil Procedure 60(d)(3). Motion, Doc. 28; Br. in Support, Doc. 28-1.

Under Rule 60(d)(3), a district court can "set aside a judgment for fraud on the court." *See* Fed. R. Civ. P. 60(d)(3). "The party seeking relief under Rule 60(d)(3) must establish fraud by clear and convincing evidence. Fraud on the court must involve an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Hatchigian v. Int'l Bhd. of Elec. Workers Local 98 Health & Welfare Fund*, 610 F. App'x 142, 143 (3d Cir. 2015) (citation modified).

Kaetz's rambling, confusing brief seems to cobble together a theory under which, in dismissing this case and other cases Kaetz filed in 2023, Courts relied impermissibly on dicta from certain cases, and that, somehow, recent downsizing in the Department of Education provides new evidence of this fraud. Doc. 28-1 at 2, 9, 10.

Kaetz's misguided legal theory boils down to an argument that the Court relied on nonbinding precedents. But Kaetz had an opportunity to raise such an argument on direct appeal. Nothing Kaetz alleges remotely approaches clear and convincing evidence of a "fraud on the court" under either Rule 60(d)(3) or *Hatchigian*. Nothing in Kaetz's motion or brief changes the fact that his complaint was properly dismissed because all of

the defendants were immune, as the Third Circuit agreed when it affirmed. Kaetz has failed to meet his burden.

Accordingly, IT IS HEREBY ORDERED THAT, Plaintiff's Motion to Vacate Judgment, Doc. 28, is DENIED.

Date: November 14, 2025   *s/Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge for
the Middle District of Pennsylvania